1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CHARLES ARTHUR HINSHAW,

11              Plaintiff,                     No. CIV S-07-1238 FCD GGH P

12         vs.

13    JOHN B. HARDCASTLE, et al.,

14              Defendants.                    ORDER

15    _____/

16         Plaintiff is a federal prisoner proceeding pro se.  Plaintiff alleges a violation of his

17    rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403

18    U.S. 388 (1971).  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in

19    forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

20    U.S.C. § 636(b)(1).

21         Plaintiff has submitted a declaration that makes the showing required by 28

22    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24    U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $19.42 will be assessed by this

25    order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

26    collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1

Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    Named as defendants are John Hardcastle, an agent with the Drug Enforcement

2 Administration, Assistant United States Attorney Glockner and Warden Deboo.  Plaintiff alleges

3 that defendant Hardcastle does not have jurisdiction to "hold" plaintiff.  Plaintiff alleges that

4 defendant Glockner vindictively prosecuted plaintiff and submitted an erroneous jury verdict.

5 Plaintiff alleges that defendant Deboo does not have jurisdiction to incarcerate plaintiff.  As

6 relief, plaintiff seeks money damages.

7    It appears that plaintiff is challenging the legality of his criminal conviction that

8 resulted in his incarceration.  In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an

9 Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state

10 and county officials violated his constitutional rights, he sought damages for improprieties in the

11 investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial

12 ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter

13 charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

14 custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the

15 complaint and held that:

16    in order to recover damages for allegedly unconstitutional
      conviction or imprisonment, or for other harm caused by actions
17    whose unlawfulness would render a conviction or sentence invalid,
      a § 1983 plaintiff must prove that the conviction or sentence has
18    been reversed on direct appeal, expunged by executive order,
      declared invalid by a state tribunal authorized to make such
19    determination, or called into question by a federal court's issuance
      of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
20    bearing that relationship to a conviction or sentence that has not
      been so invalidated is not cognizable under 1983.

21

22 Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

23 damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

24 conviction or sentence has been invalidated, expunged or reversed.  Id.

25    The requirements of Heck v. Humphrey, supra, apply equally to Bivens actions.

26 Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996).

1         It appears that plaintiff is seeking money damages on grounds that his conviction

2 is invalid.  Such a claim is barred by <u>Heck</u> unless the conviction has been invalidated, expunged

3 or reversed.  It does not appear that plaintiff's conviction has been invalidated, expunged or

4 reversed.  Accordingly, plaintiff's complaint is dismissed with leave to amend on grounds that it

5 appears to be barred by <u>Heck v. Humphrey</u>.  If plaintiff files an amended complaint, he should

6 address why his claims are not <u>Heck</u> barred.

7         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

9 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

10 how each named defendant is involved.

11         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

12 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

13 amended complaint be complete in itself without reference to any prior pleading.  This is

14 because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

15 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

16 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

17 original complaint, each claim and the involvement of each defendant must be sufficiently

18 alleged.

19         In accordance with the above, IT IS HEREBY ORDERED that:

20         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

21         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

22 Plaintiff is assessed an initial partial filing fee of $19.42.  All fees shall be collected and paid in

23 accordance with this court's order to the Warden at the Federal Correctional Institution in

24 Herlong, California, filed concurrently herewith.

25 \\\\\

26 \\\\\

3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 7/13/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

hin1238.b