IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ARTHUR HINSHAW,

    Plaintiff,                    No. CIV S-07-1238 FCD GGH P

    vs.

JOHN B. HARDCASTLE, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

                        /

        Plaintiff is a federal prisoner proceeding pro se. Plaintiff alleges violations of his rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S 388 (1971). On July 13, 2007, the court dismissed the complaint with leave to amend. Pending before the court is the amended complaint filed August 29, 2007.

        Again named as defendants are John Hardcastle, an agent with the Drug Enforcement Administration, Assistant United States Attorney Glockner and Warden Deboo. Plaintiff alleges that defendant Glockner violated his constitutional rights by incorrectly spelling his name as "Henshaw" on the jury verdict form. Plaintiff also alleges that defendant Glockner engaged in vindictive prosecution in violation of his constitutional rights and violated his right to a speedy trial. Plaintiff alleges that defendant Hardcastle defamed him and that defendant Deboo is holding him in violation of his right to a speedy trial. As relief, plaintiff seeks money

damages.

The original complaint contained the same claims as are contained in the amended complaint. The court dismissed the original complaint pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

The requirements of Heck v. Humphrey, supra, apply equally to Bivens actions. Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996).

In the amended complaint, plaintiff argues that his claims are not Heck barred. Plaintiff claims that while the Seven Circuit Court of Appeals affirmed his conviction, it found that his right to speedy trial was violated.

Attached as an exhibit to the amended complaint is a copy of the July 5, 2007, order by the Seventh Circuit affirming plaintiff's conviction. The Seventh Circuit found that

plaintiff waived his claim under the Speedy Trial Act. The Seventh Circuit went on to find that even if this claim had been forfeited rather than waived, plaintiff had "nothing to gain" by a review of this claim for plain error: "Hinshaw's substantial rights could not have been affected by a speedy-indictment violation where the district court failed to dismiss a charge on which he ultimately was acquitted; accordingly, Hinshaw could not establish plain error." See Opinion of Court of Appeal, p. 3. The Seventh Circuit also rejected plaintiff's claim challenging the allegedly incorrect spelling of his name on the jury verdict form. Id.

For the reasons discussed above, it is clear that plaintiff's claims implicate the validity of his conviction. This action is Heck barred because plaintiff's conviction has not been invalidated, expunged or reversed. Accordingly, the court recommends that this action be dismissed.

IT IS HEREBY RECOMMENDED that this action be dismissed,

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   10/2/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

hin1238.dis